Ada Jackett, appellant, v. Daniel C. Bower et al.,
APPELLEES.

Filed June 19, 1901.   No. 10,026.

Commissioner's opinion, Department No. 1.

1. **Homestead: Vacation of Sale: Complaint for First Time in This
   Court.** Where the court, having jurisdiction of the subject-
   matter and of the parties, upon trial and without objection
   vacates a sale because the property sold was exempt, the execu-
   tion creditor can not be heard to complain for the first time
   in this court that the question of exemptions can not properly
   be tried on confirmation of sale.

2. **United States Homestead: Non-Liability.** Land acquired under
   the homestead laws of the United States is not liable for the
   debts of the patentee contracted before the issuance of the
   patent.

Appeal from the district court for Deuel county. Heard
below before Grimes, J. *Affirmed.*

*Hoagland & Hoagland,* for appellant.

*Wilcox & Halligan, contra.*

Kirkpatrick, C.

On the 23d day of March, 1896, Ada Jackett recovered
a judgment in the district court of Deuel county against
the defendants Daniel C. Bower and Olivia E. Bower, his
wife, in the sum of $8,135.64.   There was on that date also
entered an order by the court directing the sheriff to sell
as upon execution certain real estate, which it appears had
been attached in the proceedings prior to the entry of
judgment.   A sale was thereafter duly made by the sheriff,
and on February 15, 1897, the defendants Bower filed
objections to the confirmation of sale, in which they said
that the land sold was obtained from the United States
under the homestead laws, and that the debt upon which
judgment had been entered was contracted prior to the issu-
ance of both the final receipt and the patent.   The hearing
upon the objections to confirmation of sale was, by agree-

ment of the parties, continued from time to time until November 15, 1897, at which date the district court found from the evidence, which had been previously introduced by the parties, that the defendants Bower had obtained title to the premises by virtue of the homestead laws of the United States, and that the indebtedness upon which judgment had been entered was contracted prior to the issuance of the patent. The court thereupon concluded that the land was not subject to sale upon execution on the judgment, and vacated and set aside the sale, from which judgment appellant, Ada Jackett, prosecutes appeal to this court.

Appellant, in her brief, sets out four grounds of complaint of the action of the trial court, which are in substance as follows: First, that the court had no jurisdiction upon confirmation of sale to hear and determine the question of exemptions; second, that defendant appellees were estopped from claiming the land as exempt, because of an agreement entered into to mortgage the land in controversy to secure the payment of the debt; third, that appellee Daniel C. Bower had fled the country prior to the recovery of the judgment, and had not returned, and that his brother, W. W. Bower, had no right or authority to employ counsel to resist the confirmation of sale; fourth, that the real estate was not exempt from sale under the homestead laws of the United States. The second and third questions presented will be first considered.

It appears from the evidence that Daniel C. Bower, at the time the indebtedness was contracted, purchased from appellant Ada Jackett a large amount of real estate and a great number of cattle, and in payment of the contract price was to execute a mortgage on the cattle and on the real estate purchased, and also upon the homestead in question. In some way, not made clear from the evidence, but probably on account of a mistake, the particular land in controversy in this action was omitted from the mortgage. Appellant seems to have foreclosed her mortgage upon all the land described in the mortgage without asking

the reformation of the instrument to cover the land in controversy. She afterwards instituted attachment proceedings, and caused a levy to be made upon this land. She seems to base her matter of estoppel solely upon the ground, as she claims, that the defendants Bower had agreed to execute a mortage on the land in controversy. In regard to this matter it is sufficient to say that neither under the pleadings nor the evidence in the case is the question of estoppel in any form presented. It therefore follows that the question can not be first considered here.

Upon the third point the evidence discloses that Daniel C. Bower left the country shortly before the attachment was served. He directed his brother, W. W. Bower, to take charge of all of the property, and look after and protect his interests, whatever they might be. This testimony was entirely undisputed, and was clearly sufficient to authorize W. W. Bower to institute the proceedings which it appears he has in this case.

Upon the fourth ground assigned by appellant,—that the land in controversy was not exempt from sale upon attachment,—it may be said that the evidence clearly establishes the fact that the indebtedness upon which the judgment was obtained was contracted, not only before the patent, but before the final receipt had been issued by the United States. The homestead law of the United States contains a provision in the language following: "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." (Revised Statutes, U. S., sec. 2296.) This court, in a uniform line of decisions, has held that land acquired from the United States under the homestead laws was not liable for the debts of the patentee contracted before the patent was issued. *Smith v. Schmitz,* 10 Nebr., 600; *Baldwin v. Boyd,* 18 Nebr., 444; *Brandhoefer v. Bain,* 45 Nebr., 781; *Duell v. Potter,* 51 Nebr., 241. There can be no doubt that this land was exempt from sale under attachment or execution issued on the judgment obtained by appellant.

This brings us to a consideration of the only remaining question in the case, and that is whether the district court properly vacated and set aside the sale. Counsel for appellant insists that upon the authority of the case of *Best v. Zutavern,* 53 Nebr., 619, the district court had no jurisdiction to consider the question of the exempt character of the land sold. Conceding that the case of *Best v. Zutavern* goes to the extent claimed by counsel for appellant, it does not control the determination of this case. When the objections to confirmation of sale were made, in which it was set up that the land was exempt from sale under the United States laws, appellant did not present to the district court the question here presented, that court did not have jurisdiction to try the case, and the question is first presented in this court. When the objections were filed, by agreement of the parties, the hearing on the confirmation was continued. It seems to have gone over one or more terms of court, and was not finally determined until November 15, 1897. The parties seem to have entered upon the trial without objection from either side. A number of witnesses were called, and their testimony taken, and certain affidavits read in evidence. The hearing having been had in the district court in the county where the land was situated, there can be no doubt that the district court had jurisdiction to try and determine the question presented, and appellant having gone to trial upon the question involved, introduced evidence, and submitted the question for determination with the hope of obtaining a confirmation of the sale, can not now be heard to complain in this court of an adverse decision. This rule finds support in the language of Mr. Justice MAXWELL, in the case of *McHugh v. Smiley,* 17 Nebr., 620, 625, following: "If the homestead was claimed by the party in possession before the sale was confirmed, and decided adversely to him, such adjudication probably would be conclusive upon him as a final determination." The court had jurisdiction of the subject-matter involved, and of the parties to the controversy, heard the evidence, and seems to have reached a cor-

rect conclusion. The sale being void, appellants could have acquired no rights under it, even if confirmed. It follows, therefore, that appellant was not prejudiced by the order of the district court in vacating and setting aside the sale.

We are unable to discover any error in the record, and it is therefore recommended that the order of the district court be affirmed.

DAY and HASTINGS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the order of the district court is

AFFIRMED.